

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
RIOR COURT
F GUAM

2014 JAN 22  AM 8: 50

CLERK OF COURT
BY:_____

EULALIA W. VALDEZ,                    )       Domestic Case No. DM 044-13
                                      )
                    Plaintiff,        )
                                      )
          vs.                         )
                                      )
PETERNILO L. VALDEZ,                  )       **DECISION AND ORDER**
                                      )
                    Defendant.        )
                                      )
                                      )
                                      )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo on January 13, 2014. Plaintiff was represented by attorney Daniel S. Somerfleck. Defendant was represented by attorney George N. Valdes. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court hereby enters an order finding Defendant in contempt.

## BACKGROUND

On August 22, 2013, Plaintiff filed a paper entitled, Motion for Contempt and Enforcement of Divorce and Property Settlement Agreement. On November 27, 2013 the Court entered an order granting the motion and requiring that the matter be set for an evidentiary hearing. The hearing was held on January 13, 2014. At the hearing Defendant testified as to his knowledge, ability to comply and compliance with the March 26, 2013, Divorce and Property Settlement Agreement.

## DISCUSSION

In 2003 the Guam Supreme Court explained the elements required for a court to find a party in contempt of a prior order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. The Court held

that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Id.* (citations omitted). Plaintiff asserts that Defendant is in contempt of the Parties' March 26, 2013, settlement agreement as follows: 1) failing to provide the Plaintiff with one half of the proceeds from the sale of the 2004 IS 300 Toyota Lexus; 2) failing to provide Plaintiff's 401K with $40,520.00 from Defendant's retirement benefits; 3) failing to provide the Plaintiff with her equity interest in the Parties' Barrigada Heights real property; 4) failing to be responsible for the minor children's school tuition until they reach the age of 22 or graduate from college with a bachelor's degree.

**2004 IS 300 Toyota Lexus**

Regarding the Parties' 2004 Toyota Lexus, Defendant testified that he had attempted to list the vehicle for sale once. He also testified that subsequent to the settlement agreement, he and Plaintiff agreed that he could keep the vehicle if he provided her with half of the Kelly Bluebook value. He testified that they had not decided upon a date from which the value would be determined. At the hearing the Parties agreed that the valuation date would be April 01, 2013. The Court is unconvinced with the credulity and reasonableness of this testimony and finds that the Defendant, knew of the terms of the agreement, had the ability to comply with it, and failed to comply.

**401K Transfer**

Defendant credibly testified that this transfer has occurred and that he has received confirmation of it from his employer.

**Barrigada Heights Real Property**

Defendant credibly testified that the current value of the property was $480,000.00 but that the property was encumbered by two mortgages whose current obligation totaled

$484,000.00. He also indicated that because he paid for the appraisal he was unwilling to share the appraisal in its entirely with the Plaintiff. The March 26, 2013 settlement agreement indicated that this transfer would occur within one year from the date of the agreement. The one year period has not run. Accordingly this issue is not ripe.

**School Tuition**

Defendant credibly testified that he was willing to pay for all the tuition costs of his minor children as indicated in the Parties' agreement so long as the costs were within his financial means. He testified that he had paid all the high school tuition expenses that he had been made aware of and that he would pay or reimburse Plaintiff for any tuition amounts she had incurred. Defendant testified that he was not aware of his son's acceptance to Chaminade University in Hawaii but that he could not afford to pay for tuition at Chaminade. He explained that he could pay tuition at the University of Guam or the city college in Santa Barbara.

Having received and reviewed the testimony and arguments under the above standard and taking into consideration the demeanor and credibility of the Defendant, the Court finds that there is sufficient evidence to find Defendant in contempt of the March 26, 2013 settlement agreement. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. Defendant was aware of the terms of the agreement and failed to fully and reasonably comply with them despite his ability to do so. *Id.* Accordingly pursuant to this finding and the Court's inherent enabling discretion to enforce its prior orders, the Court orders the following:

1) Defendant shall provide the Plaintiff with the half the value of the 2004 IS 300 Toyota Lexus as of April 01, 2013, within 30 days of the entry of this order;

2) Defendant shall reimburse the Plaintiff for all tuition sums expended for the secondary schooling of their minor child at Father Duenas High School, upon Plaintiff proving him with proof of those expenditures within 14 days of the entry of this order;

3) Defendant shall, as it is within his reasonable financial means provide for the college or university tuition costs of his children;

4) Defendant shall provide the Plaintiff with a full copy of the property appraisal he obtained for the Parties' Barrigada Heights property within 30 days of the entry of this order;

5) Plaintiff shall likewise upon the obtaining of a property appraisal, if she chooses to obtain one, provide Defendant with a full copy of that appraisal within 14 of her receipt of it.

## CONCLUSION

Based on the foregoing Defendant is found in contempt of the Parties' March 26, 2013 Settlement Agreement. The Court shall reserve on the issue of sanctions for 30 days from the entry of this order. During the 30 days the Defendant shall be allowed to provide proof of his compliance with the terms listed above.

SO ORDERED, this 22 day of _January_, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN 2 2 2014